## Recount of Ballots

*Thomas M. Painter,* for Gary F. Bercaw.
*Thomas H. Humelsine,* county solicitor, for County Election Board.

KELLER, *J.,* December 15, 1983—On the petition of three registered voters of the Third Voting District of Washington Township, Franklin County, Pa., for a recount of votes cast at the municipal election of 1983, the ballot box of the Third Voting District of Washington Township was opened and the ballots cast for the office of supervisor were counted by Ruth Forrester and Cindy J. Smith on December 1 and 2, 1983. Sixty-seven of the ballots were challenged for various reasons by Gary F. Bercaw. By order of December 2, 1983, challenges to 58 of the ballots were sustained. Counsel for the challenger was granted leave to submit a memorandum of law in support of the remaining nine challenged ballots, and that memorandum was presented to the court on December 8, 1983.

One of the nine challenged ballots has a "x" mark after the name Thurlow R. Null and a sticker bearing the name Gary F. Bercaw has been affixed in one of the blank slots with an "x" mark in the appropriate column beside the sticker but partially covered by the sticker, and a second "x" appears to the right of the first one but outside the Township Supervisor block. Presumably, this ballot was challenged either on the theory that an "x" marked outside the office block may not be counted or that the ballot would be identifiable. However, the challenger has withdrawn his challenge to this ballot citing

In Re: Petitions to Open Ballot Boxes in the City of Reading, 410 Pa. 62, 188 A. 2d 254, 256 (1963), wherein the Supreme Court held:

"The main contention of counsel for appellee is that the amendment to the code by the Act of 1960, supra, in effect overruled the decisions of this Court previously cited herein, and constituted a clear expression of legislative intent that from the date of that enactment, a voter had to mark the ballot with an (x) or a ($\sqrt{}$$\sqrt{}$ mark and nothing more. We do not so interpret the Act of 1960 . . . This provision does not refer to the situation involved. It said and said only that a ballot shall be marked with the same markings throughout and with the same pen or pencil. It did not say that any additional minor insertions would nullify a ballot. If the legislature intended to overrule Norwood, Bauman and James, supra, language could easily have been set forth giving such expression . . ." (Italics ours.)

We agree with the decision to withdraw the challenge and the votes for Thurlow R. Null and Gary F. Bercaw for Township Supervisor will be counted.

With regard to the remaining 8 ballots:

(a) One ballot has a clear erasure mark after the name of a candidate for township supervisor, and then (x) marks after two other candidates names.

(b) Two ballots have an (x) or check after the name of a candidate, and then either an (x) or a check after the name of another candidate and the voter then has apparently attempted to obliterate the second vote by scratching over the (x) or the check mark with a pencil.

(c) The remaining five ballots each have a vote for two of the candidates for supervisor, plus either an (x) or a check mark after the name of another candi-

date and then the voter has attempted to obliterate the third (x) or check mark by scratching over it with a pen or pencil.

Act No. 379 of 1963, P.L. 707 §19, 26 P.S. §3063 (pocketpart page 143), provides inter alia:

"Any erasure or mutilation in the vote in any office block shall render void the vote for any candidates in said block, but shall not invalidate the votes cast on the remainder of the ballot, if otherwise properly marked."

Clearly, the action of the voters in either erasing or attempting to obliterate one of their votes as above described constitutes an erasure or mutilation prohibited by the Election Code, and requires us to treat the votes in the office block for township supervisor on each of those eight ballots as void.

We are constrained to observe that as a result of the recount of ballots for the office of supervisor in the Third District of Washington Township, 66 duly registered voters lost their vote or votes for their township supervisors as a result of simple, unintended violations of the Election Code rules governing the marking of ballots. Had they but read the clear, unambiguous instructions at the top of their ballots they would not have committed these errors and their votes would have been counted. Whether or not their votes would have had any effect upon the election is immaterial. It is the fact of their disenfranchisement that is distressing to the court.

## ORDER OF COURT

Now, this December 15, 1983, Gary F. Bercaw is granted leave to withdraw his challenge to one offi-

cial ballot of the 67 ballots challenged, and the County Election Board shall count one vote for Thurlow R. Null and one vote for Gary F. Bercaw for Township Supervisor.

The challenges to all other ballots are sustained.